**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____

IN RE
ANCTIL PLUMBING & MECHANICAL                    Chapter 7
CONTRACTORS, INC.,                              Case No. 05-17495-WCH
            DEBTOR

_____

IN RE
ANCTIL LEASING, LLP,                            Chapter 7
            DEBTOR                              Case No. 05-21832-WCH

_____

IN RE
ROBERT ANCTIL,                                  Chapter 7
            DEBTOR                              Case No. 05-21817-WCH

_____


**MEMORANDUM OF DECISION**

## I. INTRODUCTION

The matters before the Court are the Application of Schultz & Company For Allowance of

Compensation and Reimbursement of Expenses as Counsel to the Chapter 11 Debtor Robert Anctil

(the "Individual Fee Application"), the Application  of Schultz & Company For Allowance of

Compensation and Reimbursement of Expenses as Counsel to the Chapter 11 Anctil Plumbing &

Mechanical Contractors, Inc. (the "Corporate Fee Application") filed by Gordon N. Schultz and

Schultz & Company (collectively, "Schultz"), and the objections thereto filed by Donald R.

Lassman, the Chapter 7 trustee of the estates of Anctil Plumbing & Mechanical Contractors, Inc. (the

"Corporation"), Anctil Leasing, LLP ("Leasing"), and Robert Anctil ("Anctil") (collectively, the

1

"Debtors"), (the "Trustee").   Through his objections, the Trustee asserts that the fees incurred

preparing the Corporate Fee Application are excessive and unreasonable and that fees incurred

during the pendency of Anctil's original Chapter 7 case prior to its conversion to Chapter 11 are non-

recoverable where he was not employed by the Trustee.   For the reasons set forth below, I will

sustain the objections and approve the Individual Fee Application and the Corporate Fee Application

in part.

From the outset, I note that both fee applications are replete with mathematical errors.   The

spreadsheets attached to the Corporate Fee Application (the "Spreadsheets") contain numerous

errors.   Although the billing statements attached to the Individual Fee Application (the "Billing

Statements") were produced using billing software, I am only able to reconcile the services and

expenses listed with each statement's total and not the running "Balance Due."[1]  The fee applications

themselves fall victim to miscalculations generated from the time entries, and are also riddled with

clerical and scrivener's errors.   Despite spending over 50 hours preparing both the Corporate Fee

Application and Individual Fee Application, the end result was sloppy and required a considerable

expenditure of the Court's resources to review and correct.   For purposes of this decision, I will

reference only the corrected values as the errors are too pervasive to identify individually.[2]

## II. <u>BACKGROUND</u>

On August 19, 2005, the Corporation filed a voluntary Chapter 11 petition.  The Corporation

was in the business of providing plumbing and mechanical services to commercial construction

---

[1] I note, however, that the first Billing Statement contains at least one balance adjustment that I cannot link to any service performed.  See Docket No. 354, Ex. 1 at 5 ("Previous Balance . . . $49").

[2] The corrected figures are attached to this decision as Appendix I.

2

projects.  Leasing filed its Chapter 11 case on October 11, 2005.  On November 8, 2005, I granted

a motion to substantively consolidate the two cases.  Anctil's individual case was filed under Chapter

7 on October 13, 2005.  In January, 2006, Anctil moved to convert his case to Chapter 11 and to

jointly administer his case with the Corporation's and Leasing's cases.[3]  The motion was granted on

January 20, 2006, and his case has been treated in parallel to the other two cases.  On March 20,

2008, the consolidated case, as well as Anctil's jointly administered case, was converted to Chapter

7 upon an uncontested motion filed by the United States Trustee.[4]

Schultz filed each case on behalf of the Debtors.  He was subsequently employed as counsel

for the Corporation on September 19, 2005, and as counsel to Anctil on April 4, 2006.  A Disclosure

of Compensation Paid to Schultz was attached to each application for employment.  The disclosure

attached to the application for employment in the Corporation's case (the "Corporate 2016(b)

Disclosure") indicated that Schultz received a pre-petition retainer of $20,000 (the "Pre-Petition

Retainer"), from which $3,500 had been withdrawn for pre-petition services and $893 for the filing

fee.  Similarly, the disclosure attached to the application for employment in Anctil's case (the

"Individual 2016(b) Disclosure") revealed that Schultz had received $1,509 prior to the petition date,

and that Anctil agreed to pay a retainer of $8,400 for services to be rendered in connection with the

Chapter 11 proceeding, $3,400 of which he had already paid.  On May 9, 2008, Schultz amended the

Individual 2016(b) Disclosure to reflect that $5,000 was inadvertently paid to Schultz from the

---

[3] Anctil originally sought to convert his case to one under Chapter 13, but the Trustee objected on the grounds that he exceeded the debt limitations set forth in 11 U.S.C. § 109(e) and was thus ineligible for Chapter 13 relief.

[4] Although the Debtors did not object to the United States Trustee's Motion to Convert, I note that a hearing on the matter was continued numerous times over the course of a year to give the Debtors an opportunity to file a Chapter 11 plan and disclosure statement.

3

Corporation's funds and were remitted to the Trustee.[5]  Presently, the balance of either retainer is unclear.

On February 19, 2008, four days after the United States Trustee filed her Amended Motion to Convert, the Corporation paid Schultz $2,500 by a check drawn from the Corporation's debtor-in-possession account (the "Chapter 7 Retainer").  Schultz subsequently filed two statements disclosing that the Corporation paid $2,500 to Schultz as a "flat fee retainer," and that Anctil agreed to a fee of $2,500, of which nothing was paid.[6]  On May 21, 2008, the Trustee filed an adversary proceeding seeking turnover under 11 U.S.C. § 542 or recovery of the Chapter 7 Retainer as an unauthorized post-petition transfer under 11 U.S.C. §§ 549 and 550, asserting that Schultz was not entitled to be paid from estate funds under 11 U.S.C. § 330(a)(1) because he was not employed by the Trustee.[7]  He also sought to surcharge the fees and costs of that proceeding against the balance of the Pre-Petition Retainer paid to Schultz or, in the alternative, to surcharge those amounts against fees to be paid to Schultz in the principal case.

Schultz moved to dismiss the Trustee's complaint for failure to state a claim upon which relief can be granted, arguing that the Chapter 7 Retainer was appropriately paid under the "flat fee retainer exception" recognized by *Lamie v. United States*[8] and the subsequent decision by Judge

---

[5] Presumably, this $5,000 was the unpaid balance of the pre-petition retainer that Schultz received post-petition.  As no further disclosures were filed, it is unclear whether Schultz ever received the full amount promised.

[6] Both were filed in the Corporation's case.  *See* Docket Nos. 256 and 257.

[7] *See Lassman v. Schultz*, Adv. P. No. 08-1131.

[8] *Lamie v. United States*, 540 U.S. 526 (2004).

4

Gorton of this District in *In re CK Liquidation Corp.*[9]  After a hearing on the motion to dismiss, I

took the matter under advisement.  On September 15, 2008, I issued a Memorandum of Decision in

which I stated:

> [T]he Chapter 7 Retainer was, with a quiet nod to *Lamie*, denominated as a flat fee
> retainer.  This, however, is an inadequate invocation of the exception as the Chapter
> 7 Retainer had been paid not only pre-conversion, but *post-filing*, and that makes all
> of the difference.  When the petition is filed, property of the estate comes into
> being.[10]  *Lamie* expressly states that 11 U.S.C. "§ 330(a)(1) does not authorize
> compensation awards to debtors' attorneys from estate funds unless they are
> employed as authorized by § 327."  While perhaps a bit confusing on its face, this
> statement is completely consistent with the previously quoted dicta on which Schultz
> relies.  The Supreme Court's conclusion  that "[s]ection 330(a)(1) does not prevent
> a debtor from engaging counsel before a chapter 7 conversion and paying reasonable
> compensation in advance to ensure that the filing is in order," simply does not mean
> that 11 U.S.C. § 330(a)(1) specifically authorizes such a payment from property of
> the estate.  Rather, it implicitly recognizes that individual debtors may have "property
> of the debtor" made up of exempt assets form which they could pay counsel for legal
> services performed in advance of a conversion to Chapter 7 while a bankruptcy case
> is pending under another chapter.[11]

Finding Schultz's position meritless, I denied the motion to dismiss and entered judgment for the

Trustee.[12]  Moreover, having found that surcharging the Trustee's legal fees against the Pre-

Petitioner Retainer was appropriate, I approved the Trustee's application for interim fees in the

amount of $4,987.50 on November 4, 2008.

Schultz filed the Corporate Fee Application and Individual Fee Application on November

---

[9] *Morse v. Ropes & Gray (In re CK Liquidation Corp.)*, 343 B.R. 376 (D. Mass. 2006).

[10] 11 U.S.C. § 541(a).

[11] *Lassman v. Schultz (In re Anctil Plumbing & Mech. Contractors, Inc.)*, 394 B.R. 1, 7
(Bankr. D. Mass. 2008) (footnotes omitted).

[12] Because the facts were not in dispute, I treated the motion to dismiss and the Trustee's
opposition thereto as cross-motions for summary judgment.

24, 2008. Attached to each were copies of time entries, counsels' biographies, the Corporation's and Anctil's fee agreements, and the orders approving Schultz's employment in each Chapter 11 case. Additionally, the Individual Fee Application attached monthly Billing Statements as detailed time entries, while the Corporate Fee Application relied on the Spreadsheets organized by project categories.

Through the Corporate Fee Application, Schultz requests allowance of fees in the amount of $109,060 and reimbursement of expenses of $4,778.71. As part of the fees requested, Schultz seeks payment of $8,910 for 48.4 hours spent between November 9, 2008, and November 24, 2008, preparing the Corporate Fee Application.[13] In support of these fees, Schultz explained that these services included "time spent by both attorneys and staff to manually segregate and allocate to the required Project Category and Narrative Sections, using an Excel Spreadsheet, each of the individual fee charges from each of the Statements regularly sent to the Debtor over the three-year (3) period of the engagement, and then the actual drafting[,] ECF filing, and service on the Debtor of the Fee Application."[14] The attached Spreadsheet relating to these fees provides only a daily breakdown of each person's time and does not describe any discrete tasks performed.[15] Schultz also requests reimbursement of the $893 Chapter 11 filing fee despite his prior disclosure that it was paid from the Pre-Petition Retainer.[16]

In the Individual Fee Application, Schultz seeks allowance of fees in the amount of

---

[13] *See* Docket No. 353, Ex. 1-P.

[14] Docket No. 353 at ¶ 83.

[15] Docket No. 353, Ex. 1-P.

[16] Docket No. 353, Ex. 2.

6

$13,972.50 and reimbursement of expenses of $1,278.28 for services rendered in this case from November 3, 2005, to February 29, 2008.[17] Although not included in the Billing Statements, he explained that the total fees requested were increased by $1,375 to include the 3 hours spent preparing the Individual Fee Application and the estimated 2 hours for the hearing thereon.[18]

On December 12, 2008, the Trustee filed objections to both fee applications. In his objection to the Corporate Fee Application, the Trustee asserted that Schultz failed to disclose the exact balance of the Pre-Petition Retainer, that the Chapter 11 filing fee was already paid from the Pre-Petition Retainer, and that the fees charged to prepare the Corporate Fee Application are excessive and unreasonable. With respect to the Individual Fee Application, the Trustee objected to the recovery of any fees for legal services rendered in Anctil's original Chapter 7 case.[19] Two days later, Schultz filed a single response to both objections conceding an error regarding the Chapter 11 filing fee, but arguing that the fees incurred in preparing the Corporate Fee Application were reasonable under the circumstances and that the fees incurred in Anctil's original Chapter 7 case are recoverable as "pre-petition services."

I conducted a hearing on the fee applications and objections thereto on December 17, 2008. At the hearing, the parties stipulated that Schultz would file an affidavit itemizing receipts and

---

[17] Although the final Billing Statement reflects a closing date of February 29, 2008, the last charge listed was on the November 15, 2007, Billing Statement.

[18] Docket No. 354 at ¶ 4.

[19] The Trustee also objected to the reimbursement of costs in the amount of $1,298.28 on the basis that these expenses were already included in the running balance reflected in the Billing Statements. Having thoroughly reviewed the Billing Statements and recalculated the figures therein, the Trustee is correct that the amount requested is miscalculated, but the reason for the error is unclear. As such, I will sustain the Trustee's objection.

7

disbursements with respect to the Pre-Petitioner Retainer account. At the conclusion of oral argument, I took the matters under advisement.

## III. <u>POSITIONS OF THE PARTIES</u>

<u>The Trustee</u>

First, the Trustee contends that 26.4 hours of attorney time and 22 hours of paralegal time, resulting in $8,910 in fees, to prepare a fee application in a small Chapter 11 case is unreasonable and excessive under 11 U.S.C. § 330(a)(3). He asserts that despite using computerized billing software, which the Trustee contends automatically categorizes time and expense charges, Schultz essentially created a new bill from his prior billing statements, namely, the Spreadsheets, to attach to the Corporate Fee Application. The Trustee argues that preparation of a bill is simply part of the overhead of practicing law and therefore not compensable. Asserting that a reasonable charge to review billing worksheets and prepare a fee application in this case should not exceed $1,500, the Trustee states that he has no objection to allowing Schultz fees in that amount for this task.

Second, the Trustee argues that Schultz's request for fees incurred in Anctil's original Chapter 7 case is barred by *Lamie* and my prior decision in *Lassman v. Schultz*. Relying on those cases, he states that Schultz was not retained by the Trustee and therefore is not entitled to compensation from the estate for services rendered in the original Chapter 7 case. Moreover, the Trustee argues that it is irrelevant that the services rendered related to the conversion to Chapter 11 because only those employed under 11 U.S.C. § 327 are entitled to compensation from the estate.

Subject to the condition that Schultz file the stipulated affidavit regarding the Pre-Petition Retainer, the Trustee does not object to the balance of the fees in either fee application.

Schultz

In support of his fees incurred preparing the Corporate Fee Application, Schultz states that the individual time entries previously entered into his computerized billing system could no longer be accessed, and therefore categorized, when the Corporate Fee Application was prepared. As such, he was forced to re-enter and categorize them in a separate spreadsheet in addition to simply drafting the Corporate Fee Application. Under these circumstances, Schultz argues that approximately three days to prepare the Corporate Fee Application is not unreasonable. Moreover, even had the computerized entries been available, he contends that considerably more than $1,500 worth of time would have been spent reviewing those entries and preparing the Corporate Fee Application given the number of entries.

With respect to the fees incurred in Anctil's original Chapter 7 case, Schultz argues that *Lamie* is inapposite because no retainer is involved and the services were rendered in contemplation of conversion to Chapter 11. Schultz contends that these "pre-petition services" related to eligibility and other pre-filing considerations are within the proper scope of what is accomplished before a Chapter 11 case is filed and therefore should be compensable. Further, he asserts such services are evaluated under a reasonableness test rather than a benefit to the estate test. Additionally, Schultz notes that these services were referenced in the application for employment filed in the Corporation's case.[20]

---

[20] Paragraph two of the [Corporation]'s Application for Authority to Employ Counsel Under General Retainer provides in relevant part:

> Prior to the commencement of this proceeding, the Debtor engaged Counsel with respect to certain legal matters, including an assessment of the advisability and feasibility of restructuring of the Debtor's financial affairs. The Debtor wishes to retain Counsel to represent it in these proceedings.

## IV. <u>DISCUSSION</u>

"The standards for allowance of fees for actual and necessary services and reimbursement of expenses are well known to practitioners before this Court, and are set forth not only in numerous decisions in this circuit . . . but in 11 U.S.C. § 330(a)(3)(A) as well. These standards will not be repeated here."[21]

### A. <u>Fees Incurred During the Debtors' Chapter 11 Cases</u>

Despite the Debtors' conversion to Chapter 7, which resulted from the Corporation's failure to secure continued workers' compensation insurance, Schultz's services rendered during their Chapter 11 cases were necessary and beneficial to their estates. Due to his efforts, the Corporation continued operations as a debtor in possession and generated regular income for Anctil from August, 2005, to March, 2008. With Schultz's assistance, the Corporation concluded a cash collateral stipulation with its secured lender, arranged the continuation of credit with the its various suppliers, and recovered a substantial portion of its outstanding accounts receivable. Schultz also negotiated settlements of two substantial litigations with Bowdoin Construction Corporation that resulted in the release of all claims against the Debtors and a $50,000 payment to the Corporation. Additionally, he expended considerable time negotiating and drafting a combined disclosure statement and plan of reorganization. I further note that the Trustee does not object to any fees incurred during the

---

Docket No. 362, Ex. 2.

[21] *In re Tundra Corp.*, 243 B.R. 575, 581 (Bankr. D. Mass. 2000) (*citing Boston & Maine v. Moore*, 776 F.2d 2 (1st Cir. 1985); *In re Smuggler's Beach Properties, Inc.*, 149 B.R. 740 (Bankr. D. Mass. 1993); *In re Bank of New England Corp.*, 134 B.R. 450 (Bankr. D. Mass. 1991), *aff'd*, 142 B.R. 584 (D. Mass. 1992)) (textual citations omitted); *see also In re McMullen*, Case No. 00-10151-WCH, 2009 WL 530296 (Bankr. D. Mass. Feb. 18, 2009) (thoroughly reviewing a fee application filed by Schultz in a Chapter 13 case).

Debtors' Chapter 11 cases.  As such, I will allow fees in the amount of $100,150[22] and

reimbursement of expenses of $3,885.71[23] with respect to the Corporate Fee Application for services

rendered between August, 2005, and March 20, 2008.  Similarly, I will allow fees in the amount of

$5,522.50 and reimbursement of expenses of $438.54 with respect to the Individual Fee Application

for services incurred between January 20, 2006, and March 20, 2008.

B.  Fees Incurred During Anctil's Original Chapter 7 Case

Whether fees incurred during Anctil's original Chapter 7 case prior to its conversion to

Chapter 11 are compensable is merely a variation on the same issue I previously ruled on in the

related adversary proceeding *Lassman v. Schultz*.  As stated in that case,  the Supreme Court of the

United States held that 11 U.S.C. § 330(a)(1) does not authorize compensation awards to debtors'

attorneys from estate funds unless they are employed under 11 U.S.C. § 327.[24]  Schultz disputes the

applicability of *Lamie*, and without citing any authority, contends that services rendered pre-

conversion are compensable as "pre-filing services."  This argument is flawed for a number of

reasons.

First, *Lamie*'s holding is unequivocal.  There is no basis to conclude that the language of 11

U.S.C. § 330(a)(1), which the Supreme Court found unambiguous, ceases to apply when debtor's

---

[22] $12,971.25 (Category A) + $11,895 (Category C) + $19,686.25 (Category D) +
$7,492.50 (Category E) + $2,427.50 (Category G) + $5,801.25 (Category I) +$14,510 (Category
J) + $19,838.75 (Category L) + $5,527.50 (Category M) = $100,150.

[23] Because Schultz conceded that the Chapter 11 filing fee was included in error, I will
subtract $893 from the total expenses incurred during the Corporation's Chapter 11 case.
($4,778.71 - $893 = $3,885.71).

[24] *Lamie*, 540 U.S. at 538.

11

counsel renders services in contemplation of conversion.[25]  To the contrary, *Lamie* expressly states that "[u]nless the applicant for compensation is in one of the named classes of persons in the first part [of 11 U.S.C. § 330(a)(1)], the kind of service rendered is irrelevant."[26]  Second, *Lamie*'s holding is not restricted to retainers or post-conversion services.  Again, the language of 11 U.S.C. § 330(a)(1) extends to all Chapter 7 cases, regardless of if, or when, the case is converted.  Third, Schultz's argument ignores the fact that conversion of a case from one chapter to another does not affect the petition date so as to render the conversion a new filing.[27]  Although pre-conversion services in many cases may be analogous to those performed pre-petition in contemplation of a new filing, the former are subject to the rules and restrictions imposed by an already pending bankruptcy case.

Here, it is undisputed that Schultz was not employed in Anctil's original Chapter 7 case and therefore, he is not entitled to fees for services rendered during that period.  Accordingly, I will disallow fees in the amount of $7,075 and reimbursement of expenses of $859[28] for services rendered prior to January 20, 2006.

C.  Fees Incurred Preparing the Fee Applications

While the Trustee asserts that the $8,910 Schultz incurred preparing the Corporate Fee

---

[25] *Id.* at 534.

[26] *Id.*

[27] 11 U.S.C. § 348(a) ("Conversion . . . does not effect a change in the date of the filing of the petition").

[28] In addition to expenses incurred during Anctil's original Chapter 7 case, I further reduced the expenses by $780 as Schultz's Billing Statements reflect that a filing fee of $780 was paid from Client funds on February 18, 2006.

12

Application is excessive and unreasonable, he does not consider that the Corporate Fee Application was prepared after the Debtors' cases converted to Chapter 7.[29]  In effect, Schultz once again seeks compensation from the estate for services rendered in a Chapter 7 case in which he was not employed under 11 U.S.C. § 327.  Even though the preparation of the Corporate Fee Application relates to the prior Chapter 11 case for which Schultz had been duly employed, his employment under 11 U.S.C. § 327 was terminated on March 20, 2008.[30]  As such, for the same reasons stated above, I will disallow fees in the amount $8,910 for preparing the Corporate Fee Application.[31]

Although the Trustee did not object to the fees Schultz incurred preparing the Individual Fee Application or those estimated would be incurred attending the hearing thereon, I note that these services are not supported by any time entries as required by the provisions of MLBR 2016-1(a)(1)(C).  It is well established in this district that deficient fee applications are filed at the applicant's peril.[32]  For this reason alone, I will disallow fees in the amount of $1,375 for services

---

[29] Exhibit 1-P reflects that the Corporate Fee Application was prepared between November 9, 2008, and November 24, 2008, over seven months after the Corporation's case was converted to Chapter 7.  *See* Docket No. 353, Ex. 1-P.  Though not relevant to the outcome, I further note that Exhibit 1-P does not conform to the Massachusetts Local Bankruptcy Rules 2016-1(a)(1)(C) as each time entry does not identify specific task performed.

[30] *See In re CK Liquidation Corp.*, 343 B.R. at 385.

[31] Because Schultz is not entitled to compensation for post-conversion services, I need not address the issue of whether fees incurred reconstructing billing invoices to conform with the local rule is compensable or whether the time spent in the present case was excessive and unreasonable.

[32] *See, e.g., In re Bank of New England Corp.*, 134 B.R. at 467-468; *In re Smuggler's Beach Properties, Inc.*, 149 B.R. at 743; *In re McMullen*, 2009 WL 530296 *28.

rendered preparing the Individual Fee Application and attending the hearing thereon.[33]

## V. CONCLUSION

In light of the foregoing, I will enter an order:

1. Sustaining the Trustee's objections;

2. Approving the Corporate Fee Application in part and allowing an interim award of compensation in the amount of $100,150 and reimbursement of expenses in the amount of $3,885.71; and

3. Approving the Individual Fee Application in part and allowing an interim award of compensation in the amount of $5,522.50 and reimbursement of expenses in the amount of $438.54.


_William C. Hillman_

_____
William C. Hillman
United States Bankruptcy Judge


Dated: March 10, 2009

---

[33] I note that in the absence of detailed time entries, it is unclear whether the Individual Fee Application was prepared before or after the re-conversion of Anctil's case to Chapter 7.

14

**Appendix I**

Individual Fee Application

| Date | Professional | Time | Rate | Fees |
|---|---|---|---|---|
| 11/3/2005 | EGC | 0.1 | $175.00 | $17.50 |
| 11/7/2005 | EGC | 0.2 | $175.00 | $35.00 |
| 11/10/2005 | GNS | 0.3 | $275.00 | $82.50 |
| | EGC | 3.2 | $175.00 | $560.00 |
| | EGC | 0.3 | $175.00 | $52.50 |
| | EGC | 0.8 | $175.00 | $140.00 |
| 11/15/2005 | EGC | 0.3 | $175.00 | $52.50 |
| 11/15/2005 | EGC | 0.3 | $175.00 | $52.50 |
| 11/17/2005 | EGC | 0.5 | $175.00 | $87.50 |
| 11/18/2005 | GNS | 0.2 | $275.00 | $55.00 |
| 11/23/2005 | GNS | 2 | $275.00 | $550.00 |
| | EGC | 2.3 | $175.00 | $402.50 |
| 12/1/2005 | GNS | 0.2 | $275.00 | $55.00 |
| | GNS | 0.2 | $275.00 | $55.00 |
| | GNS | 0.2 | $275.00 | $55.00 |
| | EGC | 0.2 | $175.00 | $35.00 |
| 12/6/2005 | EGC | 0.9 | $175.00 | $157.50 |
| 12/7/2005 | GNS | 0.2 | $275.00 | $55.00 |
| 12/13/2005 | EGC | 0.8 | $175.00 | $140.00 |
| 12/15/2005 | EGC | 0.5 | $175.00 | $87.50 |
| 12/16/2005 | EGC | 0.3 | $175.00 | $52.50 |
| | EGC | 0.7 | $175.00 | $122.50 |
| | EGC | 0.3 | $175.00 | $52.50 |
| | EGC | 0.3 | $175.00 | $52.50 |
| 12/19/2005 | EGC | 0.9 | $175.00 | $157.50 |
| | EGC | 0.1 | $175.00 | $17.50 |
| | EGC | 1.8 | $175.00 | $315.00 |
| | EGC | 0.9 | $175.00 | $157.50 |
| 12/20/2005 | EGC | 0.5 | $175.00 | $87.50 |
| 12/22/2005 | EGC | 1 | $175.00 | $175.00 |
| | EGC | 0.5 | $175.00 | $87.50 |
| 12/23/2005 | EGC | 0.2 | $175.00 | $35.00 |
| 12/27/2005 | EGC | 2.7 | $175.00 | $472.50 |
| | EGC | 0.2 | $175.00 | $35.00 |

| | | | | | |
|---|---|---|---|---|---|
| | EGC | 0.5 | $175.00 | $87.50 | |
| 12/29/2005 | EGC | 0.1 | $175.00 | $17.50 | |
| | EGC | 0.4 | $175.00 | $70.00 | |
| 1/3/2006 | GNS | 2 | $275.00 | $550.00 | |
| 1/4/2006 | GNS | 0.1 | $275.00 | $27.50 | |
| | GNS | 0.6 | $275.00 | $165.00 | |
| | EGC | 1.3 | $175.00 | $227.50 | |
| | EGC | 0.2 | $175.00 | $35.00 | |
| | EGC | 0.1 | $175.00 | $17.50 | |
| 1/5/2005 | EGC | 1.8 | $175.00 | $315.00 | |
| | EGC | 0.2 | $175.00 | $35.00 | |
| | EGC | 0.1 | $175.00 | $17.50 | |
| | EGC | 0.8 | $175.00 | $140.00 | |
| | EGC | 0.2 | $175.00 | $35.00 | |
| | EGC | 0.4 | $175.00 | $70.00 | |
| | EGC | 0.2 | $175.00 | $35.00 | |
| | EGC | 0.2 | $175.00 | $35.00 | |
| | EGC | 0.1 | $175.00 | $17.50 | |
| | EGC | 0.5 | $175.00 | $87.50 | |
| 1/6/2006 | EGC | 0.2 | $175.00 | $35.00 | |
| 1/10/2006 | GNS | 0.2 | $275.00 | $55.00 | |
| | EGC | 0.2 | $175.00 | $35.00 | |
| 1/11/2006 | GNS | 0.3 | $275.00 | $82.50 | |
| | EGC | 0.1 | $175.00 | $17.50 | |
| 1/12/2006 | EGC | 1.3 | $175.00 | $227.50 | |
| 1/17/2006 | EGC | 0.1 | $175.00 | $17.50 | |
| 1/18/2006 | GNS | 0.2 | $275.00 | $55.00 | |
| 1/19/2006 | EGC | 0.1 | $175.00 | $17.50 | |
| | | | | | |
| | Subtotal of Pre-Conversion Services: | | | $7,075.00 | |
| | | | | | |
| 1/27/2006 | GNS | 0.2 | $275.00 | $55.00 | |
| | GNS | 0.2 | $275.00 | $55.00 | |
| | GNS | 0.2 | $275.00 | $55.00 | |
| 1/30/2006 | EGC | 1.1 | $175.00 | $192.50 | |

16

| | | | | |
|---|---|---|---|---|
| 2/6/2006 | EGC | 0.2 | $175.00 | $35.00 |
| | EGC | 0.1 | $175.00 | $17.50 |
| 2/20/2006 | EGC | 0.1 | $175.00 | $17.50 |
| | EGC | 0.1 | $175.00 | $17.50 |
| 2/21/2006 | EGC | 0.1 | $175.00 | $17.50 |
| 2/22/2006 | GNS | 2.5 | $275.00 | $687.50 |
| 2/24/2006 | EGC | 0.3 | $175.00 | $52.50 |
| | EGC | 0.2 | $175.00 | $35.00 |
| | EGC | 0.2 | $175.00 | $35.00 |
| | EGC | 0.2 | $175.00 | $35.00 |
| 2/28/2006 | EGC | 0.4 | $175.00 | $70.00 |
| 3/2/2006 | EGC | 0.2 | $175.00 | $35.00 |
| | GNS | 0.2 | $275.00 | $55.00 |
| | EGC | 0.2 | $175.00 | $35.00 |
| 3/10/2006 | EGC | 0.2 | $175.00 | $35.00 |
| 3/20/2006 | EGC | 0.5 | $175.00 | $87.50 |
| 3/24/2006 | EGC | 1.6 | $175.00 | $280.00 |
| 3/28/2006 | EGC | 0.6 | $175.00 | $105.00 |
| 3/30/2006 | EGC | 0.1 | $175.00 | $17.50 |
| 5/4/2006 | PARA | 0.1 | $75.00 | $7.50 |
| | PARA | 0.1 | $75.00 | $7.50 |
| 5/8/2006 | PARA | 0.1 | $75.00 | $7.50 |
| 6/6/2006 | EGC | 0.4 | $175.00 | $70.00 |
| 6/20/2006 | EGC | 0.5 | $175.00 | $87.50 |
| 7/7/2006 | GNS | 0.3 | $275.00 | $82.50 |
| | EGC | 0.2 | $175.00 | $35.00 |
| 8/10/2006 | EGC | 0.9 | $175.00 | $157.50 |
| 8/18/2006 | EGC | 0.1 | $175.00 | $17.50 |
| 8/21/2006 | EGC | 0.8 | $175.00 | $140.00 |
| 8/25/2006 | PARA | 1 | $75.00 | $75.00 |
| | EGC | 0.5 | $175.00 | $87.50 |
| 8/28/2006 | GNS | 1 | $275.00 | $275.00 |
| 8/29/2006 | EGC | 2.1 | $175.00 | $367.50 |
| 8/31/2006 | EGC | 0.4 | $175.00 | $70.00 |
| 9/5/2006 | EGC | 0.2 | $175.00 | $35.00 |

| | | | | |
|---|---|---|---|---|
| 9/7/2006 | EGC | 1.3 | $175.00 | $227.50 |
| 9/8/2006 | EGC | 0.4 | $175.00 | $70.00 |
| 9/11/2006 | EGC | 0.1 | $175.00 | $17.50 |
| 9/12/2006 | EGC | 0.4 | $175.00 | $70.00 |
| 9/14/2006 | EGC | 0.2 | $175.00 | $35.00 |
| 9/18/2006 | EGC | 0.6 | $175.00 | $105.00 |
| 9/25/2006 | EGC | 0.9 | $175.00 | $157.50 |
| 9/26/2006 | EGC | 0.2 | $175.00 | $35.00 |
| 10/1/2006 | PARA | 1.5 | $75.00 | $112.50 |
| 10/3/2006 | EGC | 0.4 | $175.00 | $70.00 |
| 10/5/2006 | EGC | 0.1 | $175.00 | $17.50 |
| 10/6/2006 | PARA | 0.2 | $75.00 | $15.00 |
| | PARA | 0.3 | $75.00 | $22.50 |
| 11/20/2006 | GNS | 0.2 | $275.00 | $55.00 |
| | GNS | 0.2 | $275.00 | $55.00 |
| 11/21/2006 | GNS | 0.2 | $275.00 | $55.00 |
| | GNS | 0.2 | $275.00 | $55.00 |
| | GNS | 0.3 | $275.00 | $82.50 |
| 11/22/2006 | GNS | 0.2 | $275.00 | $55.00 |
| | GNS | 0.5 | $275.00 | $137.50 |
| 11/27/2006 | GNS | 0.5 | $275.00 | $137.50 |
| | GNS | 0.2 | $275.00 | $55.00 |
| | GNS | 0.2 | $275.00 | $55.00 |
| 11/28/2006 | GNS | 1 | $275.00 | $275.00 |
| | | | | |
| | Subtotal of Chapter 11 Services: | | | $5,522.50 |
| | | | | |
| Unknown | GNS | 3 | $275.00 | $825.00 |
| | GNS | 2 | $275.00 | $550.00 |
| | | | | |
| | Subtotal of Post-Conversion Services: | | | $1,375.00 |
| | | | | |
| | | | | |
| | Total Fees Requested: | | | $13,972.50 |
| | | | | |
| | Fee Application Total: | | | $14,539.78 |
| | | | | |
| | Error (Fee Application - Total Request): | | | $567.28 |

|  |  | Reduction for Pre-Conversion Services: | $7,075.00 |  |
|  |  | Reduction for Post-Conversion Services: | $1,375.00 |  |
|  |  |  |  |  |
|  |  | Total Fee Reduction: | $8,450.00 |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  | **Total Fees Allowed:** | **$5,522.50** |  |
|  |  |  |  |  |
| **Expenses** |  |  |  |  |
|  |  |  | $35.00 | * |
|  |  |  | $3.00 | * |
|  |  |  | $5.00 | * |
|  |  |  | $15.50 | * |
|  |  |  | $5.00 | * |
|  |  |  | $780.00 | * |
|  |  |  | $1.50 |  |
|  |  |  | $16.00 |  |
|  |  |  | $6.10 |  |
|  |  |  | $16.24 | * |
|  |  |  | $21.75 |  |
|  |  |  | $11.12 |  |
|  |  |  | $9.50 |  |
|  |  |  | $2.85 |  |
|  |  |  | $6.36 |  |
|  |  |  | $23.75 |  |
|  |  |  | $22.62 |  |
|  |  |  | $1.00 |  |
|  |  |  | $50.75 |  |
|  |  |  | $0.49 |  |
|  |  |  | $234.25 |  |
|  |  |  | $21.50 |  |
|  |  |  | $9.00 |  |
|  |  |  |  |  |
| Total Expenses Requested: |  | $1,298.28 |  |  |
|  |  |  |  |  |
| Reduction for Pre-Conversion Expense |  | $859.74 |  |  |
|  |  |  |  |  |
| **Total Allowed Expenses:** |  | **$438.54** |  |  |
|  |  |  |  |  |

The Corporate Fee Application

| Exhibit 1-A | | | |
|---|---|---|---|
| | | | |
| Professional | Time | Rate | Total |
| GNS | 4.35 | $275.00 | $1,196.25 |
| EGC | 0.8 | $175.00 | $140.00 |
| PARA | 0.4 | $75.00 | $30.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-A Total: | | $1,366.25 |

| Exhibit 1-B | | | |
|---|---|---|---|
| | | | |
| Professional | Time | Rate | Total |
| GNS | 38.6 | $275.00 | $10,615.00 |
| EGC | 5.1 | $175.00 | $892.50 |
| PARA | 1.3 | $75.00 | $97.50 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-B Total: | | $11,605.00 |

| Exhibit 1-C | | | |
|---|---|---|---|
| | | | |
| Professional | Time | Rate | Total |
| GNS | 36 | $275.00 | $9,900.00 |
| EGC | 2.3 | $175.00 | $402.50 |
| PARA | 0.6 | $75.00 | $45.00 |
| JEP | 0.1 | $175.00 | $17.50 |
| | | | |
| | Exhibit 1-C Total: | | $10,365.00 |

| Exhibit 1-D | | | |
| --- | --- | --- | --- |
| | | | |
| Professional | Time | Rate | Total |
| GNS | 5.5 | $275.00 | $1,512.50 |
| EGC | 0.1 | $175.00 | $17.50 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-D Total: | | $1,530.00 |

| Exhibit 1-E | | | |
| --- | --- | --- | --- |
| | | | |
| Initial | Time | Rate | Total |
| GNS | 25.85 | $275.00 | $7,108.75 |
| EGC | 42.7 | $175.00 | $7,472.50 |
| PARA | 8.1 | $75.00 | $607.50 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-E Total: | | $15,188.75 |

| Exhibit 1-F | | | |
| --- | --- | --- | --- |
| | | | |
| Initial | Time | Rate | Total |
| GNS | 0.6 | $275.00 | $165.00 |
| EGC | 0.6 | $175.00 | $105.00 |
| PARA | 1.5 | $75.00 | $112.50 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-F Total: | | $382.50 |

| Exhibit 1-G | | | |
| --- | --- | --- | --- |
| | | | |
| Professional | Time | Rate | Total |
| GNS | 13 | $275.00 | $3,575.00 |
| EGC | 3 | $175.00 | $525.00 |
| PARA | 0.2 | $75.00 | $15.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-G Total | | $4,115.00 |

| Exhibit 1-H | | | |
| --- | --- | --- | --- |
| | | | |
| Initial | Time | Rate | Total |
| GNS | 1 | $275.00 | $275.00 |
| EGC | 0 | $175.00 | $0.00 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-H Total | | $275.00 |

| Exhibit 1-I | | | |
| --- | --- | --- | --- |
| | | | |
| Professional | Time | Rate | Total |
| GNS | 0.1 | $275.00 | $27.50 |
| EGC | 1.6 | $175.00 | $280.00 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-I Total: | | $307.50 |

| Exhibit 1-J | | | |
| --- | --- | --- | --- |
| | | | |
| Professional | Time | Rate | Total |
| GNS | 13.9 | $275.00 | $3,822.50 |
| EGC | 1.6 | $175.00 | $280.00 |
| PARA | 1.5 | $75.00 | $112.50 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-J Total: | | $4,215.00 |

| Exhibit 1-K | | | |
| --- | --- | --- | --- |
| | | | |
| Professional | Time | Rate | Total |
| GNS | 1 | $275.00 | $275.00 |
| EGC | 7.7 | $175.00 | $1,347.50 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-K Total: | | $1,622.50 |

| Exhibit 1-L | | | |
| --- | --- | --- | --- |
| Professional | Time | Rate | Total |
| GNS | 3.9 | $275.00 | $1,072.50 |
| EGC | 0 | $175.00 | $0.00 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | Exhibit 1-L Total: | | $1,072.50 |

| Exhibit 1-M | | | |
| --- | --- | --- | --- |
| Initial | Time | Rate | Total |
| GNS | 1 | $275.00 | $275.00 |
| EGC | 0 | $175.00 | $0.00 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | Exhibit 1-M Total: | | $275.00 |

| Exhibit 1-N | | | |
| --- | --- | --- | --- |
| Professional | Time | Rate | Total |
| GNS | 2.2 | $275.00 | $605.00 |
| EGC | 3.1 | $175.00 | $542.50 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | Exhibit 1-N Total: | | $1,147.50 |

| Exhibit 1-O | | | |
| --- | --- | --- | --- |
| Professional | Time | Rate | Total |
| GNS | 0.6 | $275.00 | $165.00 |
| EGC | 4.8 | $175.00 | $840.00 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | Exhibit 1-O Total: | | $1,005.00 |

| Exhibit 1-P | | | |
|---|---|---|---|
| | | | |
| Professional | Time | Rate | Total |
| GNS | 26.4 | $275.00 | $7,260.00 |
| EGC | 0 | $175.00 | $0.00 |
| PARA | 22 | $75.00 | $1,650.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-P Total: | | $8,910.00 |

| Exhibit 1-Q | | | |
|---|---|---|---|
| | | | |
| Professional | Time | Rate | Total |
| GNS | 18.45 | $275.00 | $5,073.75 |
| EGC | 1.5 | $175.00 | $262.50 |
| PARA | 0.4 | $75.00 | $30.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-Q Total: | | $5,366.25 |

| Exhibit 1-R | | | |
|---|---|---|---|
| | | | |
| Professional | Time | Rate | Total |
| GNS | 1.5 | $275.00 | $412.50 |
| EGC | 0 | $175.00 | $0.00 |
| PARA | 0.3 | $75.00 | $22.50 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-R Total: | | $435.00 |

| Exhibit 1-S | | | |
|---|---|---|---|
| | | | |
| Professional | Time | Rate | Total |
| GNS | 44.55 | $275.00 | $12,251.25 |
| EGC | 0 | $175.00 | $0.00 |
| PARA | 1 | $75.00 | $75.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-S Total: | | $12,326.25 |

| Exhibit 1-T | | | |
| --- | --- | --- | --- |
| Professional | Time | Rate | Total |
| GNS | 3.55 | $275.00 | $976.25 |
| EGC | 2.8 | $175.00 | $490.00 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-T Total: | | $1,466.25 |

| Exhibit 1-U | | | |
| --- | --- | --- | --- |
| Professional | Time | Rate | Total |
| GNS | 1.6 | $275.00 | $440.00 |
| EGC | 0 | $175.00 | $0.00 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-U Total: | | $440.00 |

| Exhibit 1-V | | | |
| --- | --- | --- | --- |
| Professional | Time | Rate | Total |
| GNS | 0.4 | $275.00 | $110.00 |
| EGC | 0.2 | $175.00 | $35.00 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-V Total: | | $145.00 |

| Exhibit 1-W | | | |
| --- | --- | --- | --- |
| Professional | Time | Rate | Total |
| GNS | 0.2 | $275.00 | $55.00 |
| EGC | 0.1 | $175.00 | $17.50 |
| PARA | 0.8 | $75.00 | $60.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-W Total: | | $132.50 |

| Exhibit 1-X | | | |
| --- | --- | --- | --- |
| Professional | Time | Rate | Total |
| GNS | 51 | $275.00 | $14,025.00 |
| EGC | 1.8 | $175.00 | $315.00 |
| PARA | 4.2 | $75.00 | $315.00 |
| JEP | 0 | $175.00 | $0.00 |
| | Exhibit 1-X Total: | | $14,655.00 |

| Exhibit 1-Y | | | |
| --- | --- | --- | --- |
| Professional | Time | Rate | Total |
| GNS | 2.2 | $275.00 | $605.00 |
| EGC | 0 | $175.00 | $0.00 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | Exhibit 1-Y Total: | | $605.00 |

| Exhibit 1-Z | | | |
| --- | --- | --- | --- |
| Professional | Time | Rate | Total |
| GNS | 0.4 | $275.00 | $110.00 |
| EGC | 0 | $175.00 | $0.00 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | Exhibit 1-Z Total: | | $110.00 |

| Exhibit 1-AA | | | |
| --- | --- | --- | --- |
| Professional | Time | Rate | Total |
| GNS | 15.55 | $275.00 | $4,276.25 |
| EGC | 1.1 | $175.00 | $192.50 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | Exhibit 1-AA Total: | | $4,468.75 |

| Exhibit 1-BB | | | |
|---|---|---|---|
| | | | |
| Professional | Time | Rate | Total |
| GNS | 5.05 | $275.00 | $1,388.75 |
| EGC | 7.4 | $175.00 | $1,295.00 |
| PARA | 0.3 | $75.00 | $22.50 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-BB Total: | | $2,706.25 |

| Exhibit 1-CC | | | |
|---|---|---|---|
| | | | |
| Professional | Time | Rate | Total |
| GNS | 0.75 | $275.00 | $206.25 |
| EGC | 0 | $175.00 | $0.00 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-CC Total: | | $206.25 |

| Exhibit 1-DD | | | |
|---|---|---|---|
| | | | |
| Professional | Time | Rate | Total |
| GNS | 0 | $275.00 | $0.00 |
| EGC | 2.6 | $175.00 | $455.00 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-DD Total: | | $455.00 |

| Exhibit 1-EE | | | |
|---|---|---|---|
| | | | |
| Professional | Time | Rate | Total |
| GNS | 2.7 | $275.00 | $742.50 |
| EGC | 0 | $175.00 | $0.00 |
| PARA | 0 | $75.00 | $0.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-EE Total: | | $742.50 |

| Exhibit 1-FF | | | |
|---|---|---|---|
| | | | |
| Professional | Time | Rate | Total |
| GNS | 5.1 | $275.00 | $1,402.50 |
| EGC | 0 | $175.00 | $0.00 |
| PARA | 0.2 | $75.00 | $15.00 |
| JEP | 0 | $175.00 | $0.00 |
| | | | |
| | Exhibit 1-EE Total: | | $1,417.50 |

| Exhibit Totals | | | Category Totals | |
|---|---|---|---|---|
| | | | | |
| | Exhibit 1-A | $1,366.25 | | |
| | Exhibit 1-B | $11,605.00 | A | $21,970.00 |
| | Exhibit 1-C | $10,365.00 | | |
| | Exhibit 1-D | $1,530.00 | C | $16,718.75 |
| | Exhibit 1-E | $15,188.75 | D | $4,772.50 |
| | Exhibit 1-F | $382.50 | E | $7,492.50 |
| | Exhibit 1-G | $4,115.00 | | |
| | Exhibit 1-H | $275.00 | G | $11,062.50 |
| | Exhibit 1-I | $307.50 | H | $5,366.25 |
| | Exhibit 1-J | $4,215.00 | I | $12,761.25 |
| | Exhibit 1-K | $1,622.50 | J | $16,838.75 |
| | Exhibit 1-L | $1,072.50 | | |
| | Exhibit 1-M | $275.00 | L | $7,890.00 |
| | Exhibit 1-N | $1,147.50 | M | $2,821.25 |
| | Exhibit 1-O | $1,005.00 | | |
| | Exhibit 1-P | $8,910.00 | | |
| | Exhibit 1-Q | $5,366.25 | | |
| | Exhibit 1-R | $435.00 | | |
| | Exhibit 1-S | $12,326.25 | | |
| | Exhibit 1-T | $1,466.25 | | |
| | Exhibit 1-U | $440.00 | | |
| | Exhibit 1-V | $145.00 | | |
| | Exhibit 1-W | $132.50 | | |
| | Exhibit 1-X | $14,655.00 | | |
| | Exhibit 1-Y | $605.00 | | |
| | Exhibit 1-Z | $110.00 | | |
| | Exhibit 1-AA | $4,468.75 | | |
| | Exhibit 1-BB | $2,706.25 | | |
| | Exhibit 1-CC | $206.25 | | |
| | Exhibit 1-DD | $455.00 | | |
| | Exhibit 1-EE | $742.50 | | |
| | Exhibit 1-FF | $1,417.50 | | |
| | | | | |
| | | | | |
| Total Fees Requested: | | $109,060.00 | | |

| | | | Reduction for Corporate Fee Application: | | | $8,910.00 |
|---|---|---|---|---|---|---|
| **Total Allowed Fees:** | | | | | | **$100,150.00** |

| Facsimile | Photocopy | Postage | Long Distance | Filing Fees | PACER | Fed-Ex |
|---|---|---|---|---|---|---|
| $2.00 | $23.25 | $6.32 | $6.49 | $893.00 | $4.08 | $52.47 |
| $102.50 | $17.00 | $1.66 | $13.03 | | $5.00 | |
| $642.50 | $23.25 | $3.14 | $4.89 | | $12.88 | |
| $327.50 | $46.75 | $2.28 | $7.91 | | $18.98 | |
| $2.00 | $23.25 | $4.37 | $6.24 | | $26.35 | |
| $3.00 | $134.25 | $35.67 | $4.19 | | $37.25 | |
| $10.00 | $142.25 | $76.73 | $5.51 | | $12.25 | |
| $1.00 | $420.75 | $3.37 | $2.28 | | | |
| $5.00 | $43.50 | $5.35 | $15.38 | | | |
| $27.00 | $35.50 | $117.98 | $3.19 | | | |
| $21.00 | $543.50 | $8.43 | $3.11 | | | |
| $98.00 | $21.75 | $74.46 | | | | |
| $35.50 | $493.75 | $3.39 | | | | |
| $7.50 | $14.25 | $0.58 | | | | |
| $1.50 | $17.00 | | | | | |
| | $14.50 | | | | | |
| $1,286.00 | $2,014.50 | $343.73 | $72.22 | $893.00 | $116.79 | $52.47 |
| | | | | | | |
| | | Total Expenses Requested: | | $4,778.71 | | |
| | | | | | | |
| | | Total Reductions: | | $893.00 | | |
| | | | | | | |
| | | **Total Allowed Expenses:** | | **$3,885.71** | | |